UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL CAIN
and EMILY CAIN,
        Plaintiffs,

v.                                    CASE NO.:

SUNRISE ASSISTED LIVING
MANAGEMENT, INC.
        Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. The Plaintiff, Michael Cain is/was at all relevant times a resident of 2 Buckingham Lane, Bradford, County of Essex, Massachusetts 01833.

2. The Plaintiff, Emily Cain is/was at all relevant times a resident of 2 Buckingham Lane, Bradford, County of Essex, Massachusetts 01833, and the wife of Plaintiff, Michael Cain.

3. The Defendant, Sunrise Assisted Living Management, Inc. at all relevant times has a principal place of business of 7902 Westpark Drive, McLean, County of Fairfax, Virginia 22102.

4. Jurisdiction is established pursuant to 28 U.S.C.A. 1332 and damages exceed $75,000.00 in value.

5. The Complaint arises out of an accident occurring on July 29, 2019 at the Sunrise Assisted Living Center, 55 Salem Street, Lynnfield, MA.

6. At the time of the accident the Plaintiff was in the course of his employment for Care Dimensions, Inc. as a nurse case manager.

7. At the time of the accident the Plaintiff, Michael Cain, was visiting a patient at the Defendant's Lynnfield, Massachusetts facility at 55 Salem Street, Lynnfield, MA.

## COUNT I

### Michael Cain vs. Sunrise Assisted Living Management, Inc.
### M.G.L. c. 140 §155

8. On or about July 29, 2019, Sunrise Assisted Living Management, Inc. was the owner and/or keeper of a dog at the Sunrise facility located at 55 Salem Street, Lynnfield, MA.

9. On or about July 29, 2019, said dog caused the Plaintiff, Michael Cain to twist, trip and/or fall, and or otherwise injure himself while attempting to descend stairs at said facility.

10. The Plaintiff, Michael Cain's injuries were not occasioned as a result of his trespass or teasing or tormenting or abusing said dog.

11. The Defendant is strictly liable for the damages alleged in this Complaint pursuant to M.G.L. c. 140 §155.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter judgment in his favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief as it deems appropriate.

## COUNT II

### Emily Cain v. Sunrise Assisted Living Management, Inc.
### Loss of Consortium

12. Paragraphs 1-11 are incorporated by reference.

13. As a direct and proximate result of Michael Cain's injuries the Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love affection, comfort, care and other losses as a direct and proximate result of the Defendant's negligence and Michael Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a judgment in her favor for monetary damages against the Defendant, Sunrise Assisted

Living Management, Inc. for monetary damages and that this Court order such other and further relief it deems appropriate.

## COUNT III

### Michael Cain vs. Sunrise Assisted Living Management, Inc.
### Negligence

14. At all relevant times the Plaintiff, Michael Cain, was exercising due care and diligence.

15. The Defendant, Sunrise Assisted Living Management, Inc. through its agents, servants and employees owed a duty of reasonable care to the Plaintiff, Michael Cain.

16. The Defendant, breached the aforementioned duty by allowing a dog into a public common area without reasonably controlling it.

17. As a direct and proximate result of the reckless, dangerous and negligent conduct of the Defendant, Sunrise Assisted Living Management, Inc., its agents, servants and employees the Plaintiff, Michael Cain, was caused to suffer serious bodily injuries, conscious pain and suffering, permanent scarring, medical bills, lost wages and loss of consortium.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter judgment in his favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief as it deems appropriate.

## COUNT IV

**Emily Cain v. Sunrise Assisted Living Management, Inc.**
**Loss of Consortium**

18. Paragraphs 1-17 are incorporated by reference.

19. The Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love affection, comfort, care and other losses as a direct and proximate result of the Defendant's negligence and Michael Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a judgment in her favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief it deems appropriate.

**THE PLAINTIFFS, HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the Plaintiffs,
Michael Cain
& Emily Cain
By their attorney,

/s/ Christopher N. Hug, Esquire
Christopher N. Hug, Esquire
BBO#: 546960
The Law office of Christopher Hug, PC
One State Street, Suite 1050
Boston, MA 02109
(617) 227-0400
hug873@msn.com

Date: 12/20/2021