UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MICHAEL CAIN
and EMILY CAIN,
    Plaintiffs,

v.           CASE NO.: 1:21-CV-12100-RWZ

SUNRISE ASSISTED LIVING
MANAGEMENT, INC. and
SUNRISE SENIOR LIVING
MANAGEMENT INC.,
    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>

### Introduction

1. The Plaintiff, Michael Cain is/was at all relevant times a resident of 2 Buckingham Lane, Bradford, County of Essex, Massachusetts 01833.

2. The Plaintiff, Emily Cain is/was at all relevant times a resident of 2 Buckingham Lane, Bradford, County of Essex, Massachusetts 01833, and the wife of Plaintiff, Michael Cain.

3. The Defendant, Sunrise Assisted Living Management, Inc. at all relevant times has a principal place of business of 7902 Westpark Drive, McLean, County of Fairfax, Virginia 22102.

4. The Defendant, Sunrise Senior Living Management, Inc. at all relevant times has a principal place of business of 7902 Westpark Drive, McLean, County of Fairfax, Virginia 22102.

5. Jurisdiction is established pursuant to 28 U.S.C.A. 1332 and damages exceed $75,000.00 in value.

6. The Complaint arises out of an accident occurring on July 29, 2019 at the Sunrise Assisted Living Center, 55 Salem Street, Lynnfield, MA.

7. At the time of the accident the Plaintiff, Michael Cain was in the course of his employment for Care Dimensions, Inc. as a nurse case manager.

8. At the time of the accident the Plaintiff, Michael Cain, was visiting a patient at the Defendant's Lynnfield, Massachusetts facility at 55 Salem Street, Lynnfield, MA.

## COUNT I

**Michael Cain vs. Sunrise Assisted Living Management, Inc.**
**M.G.L. c. 140 §155**

9. On or about July 29, 2019, Sunrise Assisted Living Management, Inc. was the owner and/ or keeper of a dog at the Sunrise facility located at 55 Salem Street, Lynnfield, MA.

10. On or about July 29, 2019, said dog caused the Plaintiff, Michael Cain to twist, trip and/or fall, and or otherwise injure himself while attempting to descend stairs at said facility.

11. The Plaintiff, Michael Cain's injuries were not occasioned as a result of his trespass or teasing or tormenting or abusing said dog.

12. The Defendant is strictly liable for the damages alleged in this Complaint pursuant to M.G.L. c. 140 §155.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter judgment in his favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief as it deems appropriate.

## COUNT II

### Emily Cain v. Sunrise Assisted Living Management, Inc.
### Loss of Consortium

13. Paragraphs 1-12 are incorporated by reference.

14. As a direct and proximate result of Michael Cain's injuries the Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love affection, comfort, care and other losses as a direct and proximate result of the Defendant's negligence and Michael Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a judgment in her favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief it deems appropriate.

## COUNT III

**Michael Cain vs. Sunrise Assisted Living Management, Inc.**
**Negligence**

15. Paragraphs 1-14 are incorporated by reference.

16. At all relevant times the Plaintiff, Michael Cain, was exercising due care and diligence.

17. The Defendant, Sunrise Assisted Living Management, Inc. through its agents, servants and employees owed a duty of reasonable care to the Plaintiff, Michael Cain.

18. The Defendant, breached the aforementioned duty by allowing a dog into a public common area without reasonably controlling it.

19. As a direct and proximate result of the reckless, dangerous and negligent conduct of the Defendant, Sunrise Assisted Living Management, Inc., its agents, servants and employees the Plaintiff, Michael Cain, was caused to suffer serious bodily injuries, conscious pain and suffering, permanent scarring, medical bills, lost wages and loss of consortium.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter judgment in his favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief as it deems appropriate.

## COUNT IV

**Emily Cain v. Sunrise Assisted Living Management, Inc.**
**Loss of Consortium**

20. Paragraphs 1-19 are incorporated by reference.

21. The Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love affection, comfort, care and other losses as a direct and proximate result of the Defendant's negligence and Michael Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a judgment in her favor for monetary damages against the Defendant, Sunrise Assisted Living Management, Inc. for monetary damages and that this Court order such other and further relief it deems appropriate.

## COUNT V

**Michael Cain vs. Sunrise Senior Living Management, Inc.**
**M.G.L. c. 140 §155**

22. Paragraphs 1-20 are incorporated by reference.

23. On or about July 29, 2019, Sunrise Senior Living Management, Inc. was the owner and/or keeper of a dog at the Sunrise facility located at 55 Salem Street, Lynnfield, MA.

24. On or about July 29, 2019, said dog caused the Plaintiff, Michael Cain to twist, trip and/or fall, and or otherwise injure himself while attempting to descend stairs at said facility.

25. The Plaintiff, Michael Cain's injuries were not occasioned as a result of his trespass or teasing or tormenting or abusing said dog.

26. The Defendant is strictly liable for the damages alleged in this Complaint pursuant to M.G.L. c. 140 §155.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter judgment in his favor for monetary damages against the Defendant, Sunrise Senior Living Management, Inc. for monetary damages and that this Court order such other and further relief as it deems appropriate.

## COUNT VII

**Emily Cain v. Sunrise Senior Management, Inc.**
**Loss of Consortium**

27. Paragraphs 1-26 are incorporated by reference.

28. As a direct and proximate result of Michael Cain's injuries the Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love affection, comfort, care and

other losses as a direct and proximate result of the Defendant's negligence and Michael

Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a

judgment in her favor for monetary damages against the Defendant, Sunrise Senior

Management, Inc. for monetary damages and that this Court order such other and  further

relief it deems appropriate.

## COUNT VII

**Michael Cain vs. Sunrise Senior Living Management, Inc.**
**Negligence**

29. Paragraphs 1-28 are incorporated by reference.

30. At all relevant times the Plaintiff, Michael Cain, was exercising due care and diligence.

31. The Defendant, Sunrise Senior Living Management, Inc. through its agents, servants and

employees owed a duty of reasonable care to the Plaintiff, Michael Cain.

32. The Defendant, breached the aforementioned duty by allowing a dog into a public

common area without reasonably controlling it.

33. As a direct and proximate result of the reckless, dangerous and negligent conduct of the

Defendant, Sunrise Senior Living Management, Inc., its agents, servants and employees

the Plaintiff, Michael Cain, was caused to suffer serious bodily injuries, conscious pain

and suffering, permanent scarring, medical bills, lost wages and loss of consortium.

WHEREFORE, the Plaintiff, Michael Cain demands that this Court enter

judgment in his favor for monetary damages against the Defendant, Sunrise Senior

Living Management, Inc. for monetary damages and that this Court order such other and

further relief as it deems appropriate.

## COUNT VIII

**Emily Cain v. Sunrise Senior Living Management, Inc.
Loss of Consortium**

34. Paragraphs 1-33 re incorporated by reference.

35. The Plaintiff, Emily Cain has suffered and continues to suffer loss of consortium, love

affection, comfort, care and other losses as a direct and proximate result of the

Defendant's negligence and Michael Cain's ensuing injuries.

WHEREFORE, the Plaintiff, Emily Cain demands that this Court enter a   judgment in

her favor for monetary damages against the Defendant, Sunrise Senior Living Management, Inc.

for monetary damages and that this Court order such other and further relief it deems

appropriate.

**THE PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES
SO TRIABLE**

Respectfully submitted,
For the Plaintiffs,
Michael Cain
& Emily Cain
By their attorney,


/s/ Christopher N. Hug, Esquire
Christopher N. Hug, Esquire
BBO#:  546960
The Law office of Christopher Hug, PC
One State Street, Suite 1050
Boston, MA 02109
(617) 227-0400
hug873@msn.com

Date:   03/28/2022